IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

EMERSON TRON WESTLAKE                                                                        PLAINTIFF

v.                                          Civil No. 3:25-cv-03005-CDC

OFFICER TIM HOLM, Eureka Springs
Police Department (ESPD); OFFICER
ALLEN MIZE, ESPD; OFFICER AUSTIN
YOUNG, ESPD; and EUREKA SPRINGS
POLICE DEPARTMENT                                                                         DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Plaintiff is currently incarcerated in the Randall L. Williams Correctional Facility, a unit of the Arkansas Division of Correction.

The case was directly assigned to the undersigned Magistrate Judge. However, because not all parties to the action have consented to the jurisdiction of the undersigned, and this document will be dispositive of certain of Plaintiff's claims, this document will be filed as a Report and Recommendation and the case will automatically be reassigned to United States District Judge Timothy L. Brooks. 28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure, and General Order 2024-02.

The case is before the Court for preservice screening of the Complaint (ECF No. 1) under 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1

I.     BACKGROUND

According to the allegations of Claim One of the Complaint, on August 1, 2020, Plaintiff went to the Eureka Springs Hospital to seek treatment for a head injury. (ECF No. 1 at 4). He was denied treatment at the emergency room. *Id.* In the parking lot, Plaintiff says Defendants Mize and Young berated him and shoved him causing him to hit his head on their cruiser causing him to become unconscious. *Id.* Plaintiff indicates he was bleeding profusely. *Id.* at 5. He was transported to the Carroll County Jail where a breathalyzer test showed he was under the legal limit. *Id.*

Defendant Mize transported him to the Berryville Hospital where Plaintiff received wound care including two sutures to his forehead. (ECF No. 1 at 5). Plaintiff was transported back to the CCJ where he was placed in a holding cell with no food or water. *Id.* Plaintiff believes he suffered an undiagnosed seizure in the early morning hours before he was released bare foot twenty-five miles from his truck. *Id.*

With respect to his official capacity claim, Plaintiff alleges the members of the Eureka Springs Police Department engage in a wide spread use of excessive force against individuals believed to be mentally ill or homeless. (ECF No. 1 at 5). Further, he contends mentally ill and homeless people are unjustly prosecuted. *Id.*

In Claim Two, Plaintiff alleges that on August 9, 2020, Defendants Mize and Young again used excessive force against him. (ECF No. 1 at 6). Plaintiff says he was sitting in his parked truck on Spring Street in Eureka Springs when he saw Defendants Mize and Young approaching. *Id.* Plaintiff was again taken to the CCJ. *Id.* This time, Plaintiff says he refused the breathalyzer

because the week before he had passed but was still charged with intoxication. *Id.*

Plaintiff was then taken to the Berryville Hospital where the doctor at the emergency room refused to forcibly take a sample of blood. (ECF No. 1 at 6). The doctor allegedly advised Defendant Young that Plaintiff was not intoxicated. *Id.* Despite this, Plaintiff says he was charged and taken back to the CCJ. *Id.* Plaintiff states he did not receive a just cause hearing. *Id.* Plaintiff asserts the same official capacity claim. *Id.* at 7.

Claim Three involves an incident that occurred on September 1, 2020, in the parking lot of the Harps grocery store or in an adjacent parking lot. (ECF No. 1 at 7-8). Plaintiff indicates he was standing in the parking lot smoking tobacco when Defendant Holm approached. *Id.* at 8. Defendant Holm pulled up in his cruiser, "burst out," grabbed Plaintiff, and "choked [him] out." *Id.* Defendant Holm had his weight on top of Plaintiff's head. *Id.* Plaintiff says he regained consciousness at the Eureka Springs Hospital emergency room and left on foot. *Id.* Plaintiff asserts the same official capacity claim. *Id.*

In his claim for relief, Plaintiff asks for compensatory and punitive damages. (ECF No. 1 at 9). He also requests an award of $1 each from the Defendants and other non-parties. *Id.* Finally, he asks that all his charges be dismissed. *Id.*

## II.   LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

In this case, a threshold issue is whether Plaintiff's claims are barred by the statute of limitations. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Wilson v. Garcia*, 471 U.S. 261, 268 (1985). In Arkansas, this is the three-year personal injury statute of limitations found in Ark. Code Ann. § 16-56-105(3). *See Mountain Home Flight Serv., Inc. v. Baxter Cty., Ark.*, 758 F.3d 1038, 1044 (8th Cir. 2014). It is the standard rule that a claim

accrues when the plaintiff has a complete and present cause of action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (cleaned up); *see also Rassier v. Sanner*, 996 F.3d 832, 836 (8th Cir. 2021) ("accrual occurs when the plaintiff can file suit and obtain relief").

According to the allegations of the Complaint, the actions Plaintiff complains of occurred in August and September 2020. This case was filed on January 21, 2025, more than three years later. Clearly, the claims are barred by the three-year statute of limitations. No plausible claims are stated.

## IV.   CONCLUSION

For these reasons, it is recommended that:

(1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact.**

**The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**Status of Referral:   The referral terminates upon the filing of this Report and Recommendation.**

**RECOMMENDED** this 10th day of February 2025.

*s/* *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE