IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**EMERSON TRON WESTLAKE**                                                                                 **PLAINTIFF**

V.                                         **CASE NO. 3:25-CV-3005**

**OFFICER TIM HOLM, Eureka Springs**
**Police Department (ESPD);**
**OFFICER ALLEN MIZE, ESPD;**
**OFFICER AUSTIN YOUNG, ESPD;**
**and EUREKA SPRINGS POLICE DEPARTMENT**                          **DEFENDANTS**

## ORDER

Now before the Court is the Report and Recommendation (Doc. 6) of the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. On prescreening pursuant to 28 U.S.C. § 1915A, the Magistrate Judge recommends that the case be dismissed because Plaintiff's claims under 42 U.S.C. § 1983 are barred by the three-year statute of limitations. All events described in his Complaint occurred in August and September of 2020.

On February 21, 2025, Plaintiff filed Objections (Doc. 7) to the Report and Recommendation. The Court undertook a *de novo* review of the record in response. Plaintiff's first objection is that the municipal charges that resulted from the excessive-force events he describes in the Complaint are "still pending." *Id.* at p. 1. The Court **OVERRULES** this objection, as the statute of limitations on Plaintiff's § 1983 claims runs from the date of the alleged violations—not the date that related criminal charges are fully resolved by the state court. Plaintiff's second objection is that he has been homeless since 2020 and was unaware that he could file a § 1983 complaint. Unfortunately, "A plaintiff's ignorance of his or right to sue does not toll the running of the statute of

limitations. *Miles v. A.O. Smith Harvestore Prods., Inc.*, 992 F.2d 813, 816 (8th Cir. 1993). The second objection is therefore **OVERRULED**.

The Court finds that the Report and Recommendation is proper and should be and hereby is **ADOPTED IN ITS ENTIRETY**. Accordingly, the case is **DISMISSED** pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted. Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, **the Clerk is directed to place a § 1915(g) strike flag on the case** for future judicial consideration. Finally, pursuant to 28 U.S.C. § 1915(a)(3), the Court finds that any appeal from this dismissal would not be taken in good faith.

**IT IS SO ORDERED** on this 5th day of March, 2025.

>  */s/ Timothy L. Brooks*
>  TIMOTHY L. BROOKS
>  UNITED STATES DISTRICT JUDGE